IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VICKI J. HARBAUGH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 10-954 |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| COMMISSIONER OF | ) |
| SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM JUDGMENT ORDER

AND NOW, this 20th day of September, 2011, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for disability insurance benefits under Title II of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 8) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 6) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Importantly, where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by

those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff protectively filed her pending application for disability insurance benefits on November 6, 2007, alleging a disability onset date of August 1, 2007, due to problems with her right shoulder and arm, back problems, arthritis, depression and anxiety. Plaintiff's application was denied initially. At plaintiff's request an ALJ held a hearing on October 16, 2009, at which plaintiff, represented by counsel, appeared and testified. On November 9, 2009, the ALJ issued a partially favorable decision finding that plaintiff was not disabled prior to June 12, 2009, but became disabled on that date when she turned 55. On June 24, 2010, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 53 years old on her alleged onset date, which is classified as a person closely approaching advanced age under the regulations, 20 C.F.R. §404.1563(d), and turned 55 on June 12, 2009, which is classified as a person of advanced age under the regulations. 20 C.F.R. §404.1563(e). She has at least a high school education and has past relevant work experience as a cook and a dietary aide, but she has not engaged in any substantial gainful activity since her alleged onset date.

AO 72
(Rev. 8/82)

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ found that although plaintiff suffers from the severe impairment of status post right rotator cuff repair, that impairment, alone or in combination with her non-severe impairments[1], does not meet or equal the criteria of any of the impairments listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P. (R. 15).

The ALJ also found that plaintiff retains the residual functional capacity to perform light work except that she cannot lift more than 10 pounds overhead with her right upper extremity. (R. 18). A vocational expert identified numerous categories of jobs that an individual closely approaching advanced age with a high school education and the above residual functional capacity could perform, including collator, assembler and order clerk. Relying on the vocational expert's testimony, the ALJ found that while plaintiff cannot perform her past relevant work, she would have been capable of making an adjustment to work which exists in significant numbers in the national economy before she turned 55. Accordingly, the ALJ determined that plaintiff was not disabled within the meaning of the Act prior to June 12, 2009. However, as of June 12, 2009, when plaintiff turned 55, the ALJ determined that plaintiff is disabled under Medical-Vocational Rule 202.06 of Appendix 2 of 20 C.F.R., Part 404, Subpart P.

---

[1] The ALJ found the following impairments to be not severe under the regulations: gastroesophageal reflux disease (GERD), mild degenerative changes of the left knee, high blood pressure and depression. (R. 16).

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §423(d)(1)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §423(d)(1)(B).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process[2] for determining whether a claimant is under a disability. 20 C.F.R. §404.1520; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

Here, neither party disputes that plaintiff became disabled as of her 55th birthday on June 12, 2009, under the Medical-

---

[2] The ALJ must determine in sequence: (1) whether the claimant currently is engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past-relevant work; and, (5) if so, whether the claimant can perform any other work which exists in the national economy in light of her age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. In addition, when there is evidence of a mental impairment that allegedly prevents a claimant from working, the Commissioner must follow the procedure for evaluating mental impairments set forth in the regulations. Plummer, 186 F.2d at 432; 20 C.F.R. §404.1520a.

Vocational Guidelines ("the Grids") set forth in Appendix 2 of the regulations.

Plaintiff, however, raises two challenges to the ALJ's finding that she was not disabled prior to June 12, 2009: (1) the ALJ improperly rejected opinions from 3 medical sources which, if accepted, would have precluded her from performing light work as found by the ALJ in his residual functional capacity finding; and, (2) the ALJ improperly relied upon a hypothetical to the vocational expert which failed to account for plaintiff's likely need for multiple unexcused absences as suggested by two of her treating physicians. Upon review, the court is satisfied that the ALJ's determination that plaintiff was not disabled prior to age 55 is supported by substantial evidence.

Plaintiff first challenges the ALJ's step 5 finding[3] that she has the residual functional capacity to perform light work limited to lifting no more than 10 pounds overhead with her upper right extremity. She contends that the ALJ improperly rejected opinions from three physicians suggesting that she also is limited in the amount of time she can stand/walk in an 8-hour workday. The court finds no error in the ALJ's evaluation of the medical evidence.

---

[3] At step 5 of the sequential evaluation process, the ALJ must show that there are other jobs existing in significant numbers in the national economy which the claimant can perform consistent with her medical impairments, age, education, past work experience and residual functional capacity. 20 C.F.R. §404.1520(f). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by her impairments. 20 C.F.R. §404.1545(a); Fargnoli, 247 F.3d at 40.

AO 72
(Rev. 8/82)

Under the Social Security Regulations and the law of this circuit, opinions of treating physicians are entitled to substantial, and at times even controlling, weight. 20 C.F.R. §404.1527(d)(2); Fargnoli, 247 F.3d at 33. Where a treating physician's opinion on the nature and severity of an impairment is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record, it will be given controlling weight. Id. However, when a treating source's opinion is not entitled to controlling weight, it is evaluated and weighed under the same standards applied to all other medical opinions, taking into account numerous factors including the opinion's supportability, consistency and specialization. 20 C.F.R. §404.1527(d).

Plaintiff argues that the ALJ improperly rejected reports from two treating physicians, Dr. Santarlas and Dr. Zimmerman, and from an examining source, Dr. Vin, all of whom suggested that plaintiff can stand/walk less than 6 hours in an 8-hour workday.[4] She contends that had the ALJ accepted these opinions she would be incapable of performing light work, which requires standing or walking for a total of approximately 6 hours in an 8-hour workday. See 20 C.F.R. §404.1567(b) and SSR 83-10.

---

[4] Dr. Santarlas indicated that plaintiff would be able to stand/walk only 2 hours per day. (R. 435). Dr. Zimmerman suggested that plaintiff could stand/walk about 4 hours in an 8-hour workday. (R. 695). Dr. Vin opined that plaintiff could stand and walk 3-6 hours in an 8-hour workday, but also suggested a sit/stand option. (R. 339).

In his decision, the ALJ expressly addressed the opinions of Dr. Vin, Dr. Santarlas and Dr. Zimmerman and sufficiently explained why he gave those opinions "little weight." (R. 20). In particular, he noted that those opinions are inconsistent with other substantial evidence of record, including the objective medical notes and findings, plaintiff's activities of daily living and the opinion of the state agency medical consultant. Id.

The ALJ's evaluation of the medical evidence is supported by the record. First, none of the three physicians who opined that plaintiff was limited in her ability to stand/walk set forth any narrative as to how they had arrived at their conclusions and the purported limitations are not supported by any of the objective medical findings or their own treatment notes. Instead, those opinions seem to have been based primarily upon plaintiff's subjective complaints, which the ALJ found to be only partially credible in light of both the clinical and objective findings and plaintiff's activities of daily living. (R. 19-20). Plaintiff does not challenge the ALJ's credibility determination here.

Moreover, the medical evidence does not show the presence of any back or leg impairment, or any other impairment, which might be expected to limit plaintiff's ability to stand/walk. The only impairment which the ALJ found to be severe is status post right rotator cuff repair, which would have no impact upon plaintiff's ability to stand or walk. As the ALJ explained in his decision, the opinion of Dr. Santarlas, in particular, appears to have been based primarily on plaintiff's subjective complaints of a lower

back impairment, which the ALJ noted was not supported by the objective medical evidence. (R. 20).

Moreover, the ALJ found that while plaintiff has some mild degenerative changes in her left knee, she does not have a severe knee impairment, concluding that any knee problems have no more than a *de minimus* effect on plaintiff's ability to perform basic work activities, which, under the regulations, include walking and standing. 20 C.F.R. §404.1521(b)(1). Plaintiff likewise has not challenged the ALJ's step 2 finding.

The ALJ also properly considered the opinion of the state agency consultant, who concluded that plaintiff can stand/walk 6 or more hours per day. Pursuant to the Regulations, state agency medical consultants are "highly qualified physicians ... who are also experts in Social Security disability evaluation." 20 C.F.R. §404.1527(f)(2)(i). Accordingly, while not bound by findings made by reviewing physicians, the ALJ is to consider those findings as opinion evidence, and is to evaluate them under the same standards as all other medical opinion evidence. 20 C.F.R. §416.1527(f)(2)(ii); SSR 96-6p. The ALJ did so here and properly gave that opinion "some weight." (R. 20).

The ALJ thoroughly addressed the relevant medical evidence in his decision and adequately explained his reasons for the weight he accorded to the medical opinions from Drs. Santarlas, Zimmerman and Vin. The court has reviewed the ALJ's decision and the record as a whole and is satisfied that the ALJ's evaluation of the medical evidence is supported by substantial evidence.

AO 72
(Rev. 8/82)

The court likewise finds no merit to plaintiff's second contention that the ALJ improperly relied on the vocational expert's response to a hypothetical that failed to account for the likelihood that plaintiff would be absent from work for four or more days per month as suggested by both Dr. Santarlas (R. 439) and Dr. Zimmerman (R. 696). Because there is no objective medical evidence supporting those opinions as to the frequency of plaintiff's likely absences, the ALJ did not err in not incorporating any such limitation into the hypothetical upon which he relied.

A hypothetical to the vocational expert must reflect only those impairments and limitations supported by the record. Podedworny v. Harris, 745 F.2d 210 (3d Cir. 1984). Here, the need to miss work for four or more days per month is supported neither by the objective medical evidence nor by plaintiff's reported daily activities. Accordingly, the ALJ did not err in rejecting the vocational expert's response to a hypothetical posited by plaintiff's attorney incorporating such limitations. See Jones v. Barnhart, 364 F.3d 501, 506 (3d Cir. 2004) (ALJ has authority to disregard vocational expert's response to hypothetical inconsistent with evidence).

Instead, the ALJ properly relied upon the vocational expert's response to a hypothetical which accounted only for the limitations supported by the record, and the vocational expert's testimony in response to that hypothetical constitutes substantial evidence supporting the ALJ's finding that plaintiff, prior to

reaching age 55, retained the ability to perform work existing in significant numbers in the national economy.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff was not disabled within the meaning of the Act prior to June 12, 2009. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

                                                               /s/ Gustave Diamond
                                                               Gustave Diamond
                                                               United States District Judge

cc:  George E. Clark, Esq.
     Woomer & Hall
     2945 Banksville Road
     Suite 200
     Pittsburgh, PA 15216

     Christy Wiegand
     Assistant United States Attorney
     700 Grant Street
     Suite 4000
     Pittsburgh, PA 15219

AO 72
(Rev. 8/82)